IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CYRIAC ABRAHAM d/b/a § | | |
| GROWTECH PARTNERS § | | |
| *Plaintiff,* § | | |
| § | | |
| VS § | CIVIL ACTION NO. 4:14-CV-03307 | |
| § | | |
| ACCENTURE, LLP, § | | |
| ACCENTURE SERVICES PVT. LTD., § | | |
| and ACCENTURE PLC § | | |
| *Defendants.* § | | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO COMPEL ARBITRATION AND DISMISS OR, IN THE ALTERNATIVE, STAY PROCEEDINGS**

## I.   INTRODUCTION

Plaintiff, Cyriac Abraham d/b/a Growtech Partners (hereinafter "Mr. Abraham") submits its Opposition to Defendants' Accenture, LLP, (hereinafter "Accenture USA") and Accenture Services Pvt. Ltd.'s, (hereinafter "Accenture India") Motion to Compel Arbitration and Dismiss or, in the Alternative, Stay Proceedings. The motion should be denied given that Accenture India has waived arbitration.

## II.   LAW AND ARGUMENT

Waiver is a valid defense to arbitration. Because public policy favors arbitration, there is a strong presumption against finding that a party has waived his right to arbitration, and the burden to prove waiver is a heavy one. *EZ Pawn Corp. v. Mancias*, 934 S.W.2d 87, 89 (Tex. 1996). Waiver of the right to compel arbitration is the preliminary question this Court must decide in considering a defendant's motion to compel arbitration.

Whether a party has waived arbitration must be decided by the Court on a case-by-case basis, based upon an examination of the totality of the circumstances. *Perry Homes v. Cull*, 258 S.W.3d 580, 591 (Tex. 2008); see also *Subway Equip. Leasing Corp. v. Forte*, 169 F.3d 324, 329

(5th Cir.1999) (indicating that the finding of waiver is to be made by a court as a matter of law). The answer to most questions regarding arbitration "flow inexorably from the fact that arbitration is simply a matter of contract between the parties." *Perry Homes,* 258 S.W.3d at 593. Like any other contract right, arbitration can be waived if the parties agree instead to resolve a dispute in court. Such waiver can be implied from a party's conduct, although that conduct must be unequivocal. *Id*.

A.   **ACCENTURE'S EXPRESS AND UNEQUIVOCAL CONDUCT**

"A party should not be allowed purposefully and unjustifiably to manipulate the exercise of its arbitral rights simply to gain an unfair tactical advantage over the opposing party." *Id*. citing *In re Tyco Int'l Ltd. Sec. Litig*., 422 F.3d 41, 46 n. 5 (1st Cir.2005). In this case, Mr. Abraham sought arbitration, specifically by sending a letter to Accenture informing Accenture of its appointment of an arbitrator. [Exhibit A]. Accenture India responded with a staunch and unyielding letter stating that it would not agree to arbitration, even threatening to seek legal costs if Mr. Abraham continued to pursue arbitration. [Exhibit B]. Accenture listed each of the elements upon which it depended to argue that arbitration does not apply to this case while reserving the right to legal action outside arbitration, concluding with the following paragraphs:

> In light of the above, we hereby once again call upon you to immediately withdraw all your bases and unsubstantiated claims raised *vide* the Notice of Dispute dated 28 February 2014. For the reasons mentioned above, we are reject [sic] your Notice appointing Arbitrator (i.e. appointing Mr. Rana Mukherjee as your nominee arbitrator) as being in respect of claims that are not arbitrable under the Contract, and for being unsustainable under Contract or law. We, therefore, call upon you to withdraw your Notice appointing Arbitrator.
>
> This present notice is being issued without prejudice to any rights and remedies that Accenture may have under law and Contract. Accenture also reserves its right to claim any legal costs that may be incurred in this regard. A copy of this letter is being retained by our office for further necessary action.

Exhibit B, p. 3.

Opposing arbitration in this case and in this manner is, by any account, an express waiver, a direct surrender of its right to arbitrate while at the same time a reservation of its right to litigate. By way of this threating letter, Accenture forced Mr. Abraham to file this lawsuit, rather than attempt to arbitrate.

The beginning sentence of the second paragraph does not reserve Accenture's right to change its mind concerning arbitration. As stated by Accenture:

> "[a]t the outset, we state that the claims sought to be raised by you in your letter dated 28 February 2014 ("Notice of Dispute"), purportedly in terms of the Sub-Contract Agreement dated 1 November 2010 ("Contract") between Accenture Services Private Limited (India Domestic Business) ("Accenture") and M/s Growtech Partners ("Growtech"), *are not arbitrable as they go beyond and are wholly outside the terms of the Contract itself.*"

[Exhibit B, p.1] (emphasis ours).

When read with the immediately following sentence, the consistent interpretation is that Accenture India is not reserving its right to change its mind about arbitration, but is conveying that it will, according to legal or contractual provisions, not only refuse arbitration, but pursue legal remedies against Mr. Abraham if it continues its efforts in such arbitration. A contradiction is not intended, considering the strong and deliberate letter outlining all of the factors that preclude Mr. Abraham from arbitration and demanding withdrawal of the notice to appoint an arbitrator. The context and tenor of the letter and the meaning of the last paragraph is clear.

Mr. Abraham filed suit in Harris County, Texas, state court on October 3, 2014. Accenture LLP, a sister company of Accenture Services Pvt. Ltd.[1], filed a general denial on November 17, 2014. Thereafter, on November 18, 2014, Accenture LLP removed this case to the Southern

---

[1] Accenture Public Limited Company (plc) is a multinational management consulting, technology services, and outsourcing company. Its incorporated headquarters are in Dublin, Ireland having recently moved from The Cayman Islands. It is a Fortune Global 500 Company. Recently Accenture was chosen to replace CGI group as the lead contractor for HealthCare.gov. Accenture plc is the parent company of Accenture LLP and Accenture Pvt. Ltd.

District of Texas, Houston Division. Accenture India answered the suit on January 30, 2015. [Doc. 6]. It was the contract between this entity and Mr. Abraham that contained an arbitration clause. Both parties are represented by Attorney David J. Beck and/or Alex B. Roberts with Beck Redden LLP in Houston, Texas.

**B.     WAIVER**

Under Texas law, waiver is "an intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right." *Jernigan v. Langley,* 111 S.W.3d 153, 156 (Tex. 2003) (per curiam) (quoting *Sun Exploration & Prod. Co. v. Benton*, 728 S.W.2d 35, 37 (Tex. 1987)). "The elements of waiver are: (1) an existing right, benefit, or advantage; (2) knowledge, actual or constructive, of its existence; and (3) actual intent to relinquish the right, which can be inferred from conduct." *First Interstate Bank of Ariz., N.A. v. Interfund Corp.*, 924 F.2d 588, 595 (5th Cir. 1991) (citation omitted). "Waiver is largely a matter of intent, and for implied waiver to be found through a party's actions, intent must be clearly demonstrated by the surrounding facts and circumstances." *Jernigan,* 111 S.W.3d at 156 (emphasis added) (citation omitted).

There are two types of waiver: express and implied. Express waiver occurs when a party affirmatively decides or indicates that it wants to pursue the matter in a judicial forum as opposed to arbitration. *In re Citigroup Global Mkts*., 258 S.W.3d 623, 626 (Tex. 2008). Accenture India was fundamentally opposed to arbitration and threatened Mr. Abraham to withdraw the demand or face legal action, which can only mean in a court of law and outside of arbitration. [Exhibit B]. There is no other way to approach the letter. The letter is an express waiver of any contractual right Accenture had to compel arbitration and was definitely a known and intended resistance to arbitration.

Applying the *First Interstate Bank of Ariz., N.A.* factors, it must first be shown that there existed a right, benefit, or advantage. Accenture admits, ". . . the Arbitration Agreement under the Contract cannot be, and is no longer operative between the parties . . . ." [Exhibit B, p.3, ¶ e]. Here, Accenture not only admits that the "Arbitration Agreement" existed within the contract, but goes on to claim that the arbitration language does not apply to the claims brought by Plaintiff. With this, Plaintiff and Accenture are in full agreement. This statement satisfies both the existence of the right to arbitrate, and Accenture's knowledge of that right. Finally, where Accenture writes, "[f]or the reasons mentioned above, we are reject [sic] your Notice appointing Arbitrator (i.e. appointing Mr. Rana Mukherjee as your nominee arbitrator) as being in respect of claims that are not arbitrable under the Contract, and for being unsustainable under Contract or law. We, therefore, call upon you to withdraw your Notice appointing Arbitrator[,]" Accenture makes clear its knowledge of the arbitration process and its refusal to participate in same. Accenture cannot be allowed to nullify its position and then re-assess its strategy after suit is filed by moving for arbitration. Their Motion must be denied.

C.     **PLAINTIFF WOULD BE GREATLY PREJUDICED BY ENFORCEMENT OF THE WAIVED ARBITRATION CLAUSE**

The Texas Supreme Court has held that a showing of prejudice is necessary for application of waiver to an arbitration clause, as has the U.S. 5th Circuit. See *In re Bank One, N.A.*, 216 S.W.3d 825, 827 (Tex.2007) and *Republic Ins. Co. v. PAICO Receivables, LLC*, 383 F.3d 341, 346 (5th Cir. 2004), respectively. The necessity of a showing of prejudice stems from the doctrine of estoppel. *Perry Homes*, 258 S.W.3d at 593-595. Texas estoppel law does not allow a party to withdraw a representation once the other party takes "action or forbearance of a definite and substantial character." *Trammell Crow Co. No. 60 v. Harkinson*, 944 S.W.2d 631, 636 (Tex. 1997).

Plaintiff Cyriac Abraham is an American Citizen and Texas resident. [Exhibit C, p.1]. Defendants now wish to take advantage of an arbitration clause which requires the arbitration to be conducted in New Delhi, India. A teleconference was held in India between Mr. Abraham and Accenture representatives concerning Mr. Abraham's claims. *Id*. Though Accenture promised a prompt decision, none was provided. *Id*. As hereinbefore described, Accenture's letter of June 27, 2014, received only after Mr. Abraham's notice of appointment of an arbitrator, gave Mr. Abraham every reason to believe that Accenture would not allow or participate in the Indian arbitration procedure while Mr. Abraham was present and available in India, but would instead proceed to litigation in the courts of India. [See generally Exhibit B].

Relying on Accenture's strongly worded assertions and representations as outlined in detail *supra*, Mr. Abraham brought suit in Texas, after seeking advice from legal counsel in India, via advocate Partha Sil, who, after indicating several major issues to Mr. Abraham, recommended this course. [Exhibit C, p.2-3]. First, Mr. Sil instructed Plaintiff that the cost of bringing an international law suit in a large city like New Delhi, India was not feasible for a man of Mr. Abraham's means, explaining that only large corporations with cases involving multi-million dollar disputes were capable of pursuing legal claims in the large city venues. *Id*. at 2. Hence the potential benefit of arbitration to individuals. Second, Mr. Sil explained that the delay common of such cases was very great when compared to the United States, with some cases taking more than 4 years to find resolution. *Id*. Finally, Mr. Abraham was instructed by Mr. Sil that there was a very limited period to bring suit to compel arbitration under Indian law, which, following Plaintiff's initial demand for arbitration, may have expired during the time suit has been pending in Texas. *Id*. As such, limiting Mr. Abraham's rights to an arbitration or court proceeding in India would not only create a financial impossibility for Mr. Abraham, but would essentially be dispositive where arbitration is

not allowed due to a procedural/limitations issue. *Id*. at 2. Mr. Abraham would face an insurmountable task in attempting to prosecute his case now that he has returned to Texas and is currently a full-time employee versus his prior status as an independent contractor, where he enjoyed a greater capacity to travel for legal purposes, and a higher income to fund same. *Id*. at 2-3. Mr. Abraham travelled to India from February 6th, 2014 until August 16th, 2014 for the specific purpose of handling this claim against Accenture. Accenture purposefully refused and waived the contractual arbitration procedure to their tactical advantage and to Mr. Abraham's detriment.

Dismissal of this suit in favor of Indian arbitration would assuredly leave the plaintiff without a forum to bring his causes of action against Accenture as a direct result of Accenture's actions and representations. Accenture must be estopped from attempting to take advantage of a contractual provision which they have knowingly waived and refused, to their advantage, especially where Plaintiff has relied on such admission and other representations to his detriment.

### III. CONCLUSION

As the arbitration clause of the Contract has clearly been unambiguously and expressly waived, and prejudice clearly shown, this Court is well within its discretion to order that suit move forward in Texas as jurisdiction is proper with this Court pursuant to the Texas General Long-Arm Statute §§ 17.042(1)-(3). [See Plaintiff's Original Petition, ¶¶ 5-11].

Respectfully submitted,

_____
JOE HOUSE
Attorney in Charge
HOUSE PERRON & HOUSE PLLC
Texas State Bar No. 10042150
Federal Bar No. 6696
Bank of America Center
700 Louisiana St.
Suite 3950
Houston, Texas 77002
Direct: 281-762-1377
Fax: 866-342-7683
Email: joe@houseperron.com

**Attorneys for Plaintiff**
**Cyriac Abraham d/b/a Growtech Partners**

## CERTIFICATE OF SERVICE

    I, Joe House, an attorney, certify that on February 25, 2015, I served the above and foregoing Plaintiff's Certificate of Interested Parties, by causing true and accurate copies of such paper to be filed and transmitted to the persons shown below via the Court's CM/ECF electronic filing system.

David J. Beck: dbeck@beckredden.com
Alex B. Roberts: aroberts@beckredden.com
BECK | REDDEN LLP,
1221 McKinney Street, Suite 4500,
Houston, Texas 77010
Attorneys for Accenture, LLP.
Fax Number (713) 951-3720

Joe House