IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CYRIAC ABRAHAM d/b/a <br> GROWTECH PARTNERS, <br><br> Plaintiffs, <br><br> v. <br><br> ACCENTURE LLP <br> ACCENTURE SERVICES PVT. LTD, AND <br> ACCENTURE PLC, <br><br> Defendants | § § § § § § § § § § § § § | C.A. No. 4:14-cv-03307 |

## DEFENDANTS' REPLY IN SUPPORT OF THEIR
## MOTION TO COMPEL ARBITRATION AND DISMISS OR, IN THE
## ALTERNATIVE, STAY PROCEEDINGS, AND MOTION TO STRIKE
## AFFIDAVIT OF CYRIAC ABRAHAM

**TO THE HONORABLE LEE H. ROSENTHAL:**

This case is about the enforceability of an undisputedly valid arbitration provision in a contract between Plaintiff Cyriac Abraham d/b/a Growtech Partners ("Growtech") and Accenture Services Pvt. Ltd. ("Accenture India") (the "Agreement").[1] Plaintiff claims arbitration was waived because Accenture India wrote a letter disputing the Plaintiff's allegations. Such pre-suit correspondence does not rise to the level of waiver. Because arbitration has not been waived and Growtech cannot demonstrate the requisite level of prejudice, this Court should enforce the Agreement and order the parties to arbitration.

---

[1] Docket Entry No. 7-1.

## I. Introduction and Background

Plaintiff does not dispute that the arbitration provision in the Agreement is valid. Plaintiff does not dispute that its claims fall within that arbitration provision. Nor does Plaintiff dispute that *all* the Defendants have properly invoked the arbitration provision.[2] Plaintiff's only argument is that the Defendants waived the enforceability of that provision. Importantly, Plaintiff does not contend that Defendants waived the right to arbitration by substantially invoking the judicial process. Rather, Plaintiff contends that Defendants waived arbitration by merely writing a letter to the Plaintiff in which Accenture India contested the validity and arbitrability of the claims. Plaintiff also contends it would be prejudiced by the enforcement of the arbitration provision. Neither of Plaintiff's contentions is sufficient to support a finding that Defendants waived the right to enforce the Agreement. As one court put it, a letter such as the one Accenture India wrote challenging Plaintiff's demand for arbitration, amounts to pre-suit "posturing" and is not a waiver of arbitration.[3] Moreover, Plaintiff was not left without redress. When Defendants challenged the validity of Plaintiff's arbitration demand, Plaintiff could have—and should have—compelled Defendants to arbitrate through the Indian courts.

---

[2] "Defendants" here includes Accenture LLP and Accenture Services Pvt. Ltd., although all of Plaintiff's claims are the subject of the present Motion to Compel Arbitration. Accenture plc is a foreign entity organized under the laws of Ireland. (Docket Entry No. 1-2, at 2). Accenture plc has not currently been served with process and accordingly has not appeared in this lawsuit.

[3] *Highlands Wellmont Health Network, Inc. v. John Deere Health Plan, Inc.*, 350 F.3d 568, 574 (6th Cir. 2003).

Rather than seeking to compel Defendants to arbitrate in the Indian courts, Plaintiff brought suit against the Defendants in Texas state court asserting a number of Texas state law claims including fraud, fraudulent inducement, quantum meruit, and promissory estoppel. (Docket Entry No. 1-2, at 13-16). Defendants removed to this Court, (Docket Entry No. 1), and moved to compel arbitration under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention"). (Docket Entry No. 7, at 4-10). Specifically, Defendants moved to compel arbitration under the enabling legislation for the Convention in Chapter 2 of Title 9 ("Convention Act"). (*Id.*)

For the reasons set out in Defendants' Motion to Compel and below, the arbitration provision is valid and enforceable, and Growtech has failed to establish waiver. This Court should enforce the Agreement, compel arbitration, and dismiss this lawsuit.

**II. Argument**

The Fifth Circuit has an established test for waiver of an agreement to arbitrate.[4] "Waiver will be found when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party." *Miller Brewing Co. v. Fort Worth Distrib. Co.*, 781 F.2d 494, 497 (5th Cir. 1986). "The question of what constitutes a waiver of the right of arbitration depends on the facts of each case." *Tenneco Resins, Inc. v. Davy Int'l, AG*, 770 F.2d 416, 420 (5th Cir. 1985).

---

[4] *See infra* Part II(B) (discussing express waiver in the Fifth Circuit).

3

"There is a strong presumption against finding a waiver of arbitration, and the party claiming that the right to arbitrate has been waived bears a heavy burden." *Republic Ins. Co. v. PAICO Receivables, LLC*, 383 F.3d 341, 344 (5th Cir. 2004) (citing *Subway Equip. Leading Corp. v. Forte*, 169 F.3d 324, 326 (5th Cir. 1999)). "Once the defendant, *by answer*, has given notice of insisting on arbitration the burden is heavy on the party seeking to prove waiver." *Gen. Guar. Ins. Co. v. New Orleans Gen. Agency, Inc.*, 427 F.2d 924, 929 n.5 (5th Cir. 1970). Growtech has not carried this burden.

### A. Defendants Have Not Substantially Invoked the Judicial Process

Defendants have not substantially invoked the judicial process in this case. "To invoke the judicial process [t]he party must, at the very least, engage in some overt act *in court* that evinces a desire to resolve the arbitrable dispute through litigation rather than arbitration." *Republic Ins. Co.*, 383 F.3d at 344 (internal quotation marks omitted) (emphasis added). "[A] party only invokes the judicial process to the extent it litigates a specific claim it subsequently seeks to arbitrate." *Subway*, 169 F.3d at 328.

Defendants have not engaged in any overt act *in court* evincing a desire to resolve this dispute through litigation rather than arbitration. Nor have Defendants unduly delayed action once Growtech filed this lawsuit. Defendants timely removed the case from state court to this Court, filed an answer on behalf of Accenture India asserting arbitration as an affirmative defense, and almost immediately filed a motion to compel arbitration. Defendants have not substantially invoked the judicial process. *Cf. Williams v. Cigna Fin. Advisors, Inc.*, 56 F.3d 656, 661 (5th Cir. 1995) (holding that movant had

not substantially invoked the judicial process where it removed the action, filed a motion to dismiss, filed a motion to stay proceedings, answered the complaint, asserted a counterclaim, exchanged some discovery, but moved for a stay pending arbitration as soon as it discovered that the dispute was arbitrable).

### B. No Express Waiver Has Occurred

Growtech's *only* argument in support of waiver is that Accenture India expressly waived its right to arbitration in pre-suit correspondence. (Docket Entry No. 8, at 2-5). This argument rests on weak footing because the correspondence does not approach the level of an express waiver.

Growtech ignores Fifth Circuit precedent and instead relies on a little-used theory that an arbitration provision can be expressly waived. *See In re Tyco Int'l Ltd. Sec. Litig.*, 422 F.3d 41, 44 (1st Cir. 2005) (holding that waiver of arbitral rights can either be express or implied and requires prejudice); *In re Citigroup Global Mkts., Inc.*, 258 S.W.3d 623, 626 (Tex. 2008) (per curiam) (discussing express waiver of arbitration). The Fifth Circuit has used the express-waiver theory only once. *See Triton Container Int'l Ltd. v. Baltic Shipping Co.*, No. 95-31275, 1996 WL 460105, at *1 (5th Cir. Aug. 1, 1996) (per curiam). In *Triton*, a two-page unpublished opinion with little reasoning, the Fifth Circuit affirmed the district court's finding of express waiver. Waiver was based on a representation made while the case was *pending* in front of the district court: "We will settle the debt for mutual satisfaction and *we are not going to go to Moscow arbitration for this matter.*" *See Triton Container Int'l Ltd. v. Baltic Shipping Co.*, Civ. A. Nos. 95-

0427, 95-2229, 1995 WL 729329, at *3-4 (E.D. La. Dec. 8, 1995) (emphasis in original).[5] Importantly, no case in the Fifth Circuit has found express waiver involving *pre-suit* correspondence, as is the case here.

The pre-suit correspondence between Growtech and the Defendants sets this case apart from *Triton*. Here, the sequence of correspondence was as follows:

- On February 28, 2014, Growtech initially wrote to Accenture India giving 30 days notice under ¶ 16.1 of the Agreement. (**Ex. 1**, at 1.) Growtech asserted a list of tentative claims. (*Id.* at 1-5.) Many of these claims were *far different* from the claims asserted in this lawsuit, including, among others: (1) a claim for lost earnings for $24,360 from November 22, 2010 to December 12, 2010; (2) a claim for a 30% fee for having to book Plaintiff's own airfare and hotels; (3) a $8,400 claim for roundtrip business class airfare from Houston to India; and (4) a $568 claim for having to change air travel. (*Id.*)

- On March 28, 2014, Accenture India responded. (**Ex. 2**, at 1.) Accenture India denied that any of the claims were payable because they went beyond the terms of the Agreement. (*Id.*)

- On May 29, 2014, Growtech responded in a short two-page letter nominating an arbitrator under ¶ 16 of the Agreement. (**Ex. 3**, at 1-2.) Notably, Growtech did not submit a Statement of Claims or any similar pleading that specifically asserted its claims.

- On June 27, 2014, Accenture India responded. (**Ex. 4**, at 1.) Accenture India wrote that "the claims . . . are not arbitrable as they go beyond and are wholly outside the terms of the [Agreement] itself. Further, the purported claims raised by you are unsubstantiated in law, apart from being barred under the express terms of the [Agreement]." (*Id.*)

---

[5] The district court also refused to conduct a prejudice analysis due to express waiver. *Triton*, 1996 WL 460105, at *4. The Fifth Circuit did not address the merits of this approach. *Triton*, 1996 WL 460105, at *1. But this lack of prejudice analysis contradicts clear Fifth Circuit authority. *See Nicholas v. KBR, Inc.*, 565 F.3d 904, 908 (5th Cir. 2009) ("We have not, however, gone as far as the Seventh Circuit on this issue, and we do not do so here, as we continue to require a showing of prejudice, even if there is a substantial invocation of the process.").

Critically, each of Accenture India's responses makes clear that it has not waived *any* rights under the Agreement. Each begins with a bold heading that notifies Growtech that they are "without prejudice." (**Ex. 2**, at 1; **Ex. 4**, at 1.) Each letter ends with a statement confirming that none of the rights under the Agreement has been waived. (*See* **Ex. 2**, at 6) ("We are issuing the present Reply without prejudice to any of our rights, each of which are expressly reserved."); (**Ex. 4**, at 3) ("This present notice is being issued without any prejudice to any rights and remedies that Accenture may have under law and [the Agreement].").

None of the statements in the initial correspondence between Growtech and Accenture India rise to the required level of a knowing relinquishment of the right to arbitrate. *See Triton*, 1995 WL 729329, at *3-4. The claims asserted by Plaintiff in the pre-suit correspondence involved materially different allegations than those asserted here. Accordingly, Defendants could not have knowingly relinquished their right to arbitration of the claims asserted *in this case* before those claims had been made.

All of the correspondence between the parties was made before any lawsuit was filed or pleading asserted. The Fifth Circuit has never found such pre-suit correspondence to constitute express waiver of arbitration. And this makes sense. A party cannot knowingly relinquish a contractual right without full knowledge of that right—namely, the specific claims being asserted. Instead, these types of communications "really amount[] to nothing more than the typical posturing that may occur where one party is attempting to 'stare down' the other party in the hope that the

other party will simply give up." *Highlands Wellmont Health Network, Inc. v. John Deere Health Plan, Inc.*, 350 F.3d 568, 574 (6th Cir. 2003) (refusing to find waiver where the defendant declined "at this point [to] agree to arbitration or other alternative dispute resolution," but noting that defendant neither failed to immediately invoke arbitration upon commencement of litigation nor frustrated commencement of the arbitration process); *see also JPD, Inc. v. Chronimed Holdings, Inc.*, 539 F.3d 388, 393-94 (6th Cir. 2008) (refusing to find waiver in a pre-suit letter because of its ambiguous language); *Liberty Mut. Grp., Inc. v. Wright*, Civil Action No. DKC 12-0283, 2012 WL 1446487, at *4 (D. Md. Apr. 25, 2012) (refusing to find waiver based on movant's express "reject[ion]" of request for appraisal because courts have to look "beyond a party's mere statement refusing arbitration to the facts of the particular case"); *Aracri v. Dillard's, Inc.*, No. 1:10cv253, 2011 WL 1388613, at *7 (S.D. Ohio Mar. 29, 2011) (refusing to find express waiver where movant had initially objected to class arbitration, but then filed a motion to compel arbitration once lawsuit was filed because the delay was brief and prejudice was merely speculative and not actual); *C.B. Fleet Co. v. Aspen Ins. UK Ltd.*, 743 F. Supp. 2d 575, 587-88 (W.D. Va. 2010) (refusing to find express waiver despite the statement that "[i]f Fleet thereafter remains dissatisfied, it can then serve the Complaint and litigation can commence" because full context was important); *Enviro Petroleum, Inc. v. Kondur Petroleum, S.A.*, 91 F. Supp. 2d 1031, 1033-34 (S.D. Tex. 2000) (refusing to find express waiver in pre-commencement conduct because the

conduct "amounts to nothing more than bluster or an attempt to 'stare down'" the other party).[6]

The pre-suit correspondence between Growtech and Defendants simply does not rise to the level of express waiver. Rather, Plaintiff demanded arbitration for a multitude of extra-contractual and factually unsupportable claims, most of which are not alleged in this case. Defendants disputed those claims—nothing more.

### C. Motion to Strike Abraham's Affidavit

The party opposing arbitration must also demonstrate prejudice. *Republic Ins.*, 383 F.3d at 346; *accord In re Tyco*, 422 F.3d at 46-47 (conducting prejudice analysis in express waiver case). "[F]or purposes of a waiver of an arbitration agreement: 'prejudice . . . refers to the inherent unfairness—in terms of delay, expense, or damages to a party's legal position—that occurs when the party's opponent forces it to litigate an issue and later seeks to arbitrate the same issue." *Subway*, 169 F.3d at 327 (quoting *Doctor's Associates v. Distajo*, 107 F.3d 126, 134 (2d Cir. 1997)). Growtech cannot demonstrate prejudice.

Growtech argues that it will face prejudice for two reasons. First, Growtech claims that arbitration in India is difficult. Growtech contends that (1) the cost of bringing an international lawsuit in India is high; (2) there is delay common to Indian

---

[6] Those cases in which pre-suit communications amounted to waiver involved a movant who did *far* more than attempt to "stare down" the opposing party and who engaged in sustained egregious pre-suit behavior. *See, e.g., In re Tyco*, 422 F.3d at 44-46 (finding waiver where pre-suit letter stated that there was no consent to arbitrate *and* movant engaged in dilatory tactics even after lawsuit was filed); *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 346-58 (6th Cir. 2003) (finding waiver where movant engaged in fifteen months of negotiations with plaintiff, most of which occurred before the lawsuit was filed).

proceedings; and (3) there is a limited amount of time to compel arbitration in India, and that time *may* have run during the pendency of this lawsuit. (Docket Entry No. 8, at 6.) Second, Growtech claims that Mr. Abraham's current employment makes travel to India difficult and that such travel will be costly. (*Id.* at 7.)

In support of these propositions, Growtech points to an affidavit from Mr. Abraham. (Docket Entry No. 8-3, at 1-3.) But the affidavit upon which Growtech relies is unsigned, and therefore, not competent evidence. *Cf. Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 515 (5th Cir. 2001) (holding that for summary judgment purposes, an unsigned statement is not competent evidence). Moreover, the purported statements of Mr. Abraham's Indian counsel are inadmissible hearsay. Fed. R. Evid. 801. For these reasons, Defendants move to strike Mr. Abraham's unsigned affidavit.

### D. Growtech Cannot Demonstrate Prejudice

Even if these statements were true, they do not demonstrate prejudice. First, as to cost, the affidavit is pure conjecture without any proof. Mr. Abraham does not attempt to establish what the cost of litigating in India might be as compared to litigating in the United States, nor does he offer any proof of his financial means or ability to afford such a proceeding. To the contrary, Mr. Abraham states that he has a full-time job.[7] (Docket Entry No. 8-3, at 3.) Courts require much more to satisfy a showing of prejudice. *See Miller Brewing Co.*, 781 F.2d at 497-98 (finding prejudice where the non-movant had

---

[7] Defendants direct the Court to similar litigation Mr. Abraham has engaged in as some proof of his financial ability to fund a lawsuit against his former employer and to travel and work in various locales. *See Abraham v. Wash. Grp. In'tl, Inc.*, 766 F.3d 735, 741 (7th Cir. 2014) (noting that Mr. Abraham previously lived and/or worked in Colorado, California, and Wisconsin and made a six-figure salary).

paid over $85,000 in legal fees, expended more than 300 hours defending litigation claims, and participated in extensive pre-trial discovery normally unavailable in arbitration); *Republic Ins.*, 383 F.3d at 346-47 (finding prejudice where the non-movant had already spent "very significant legal fees" and participated in full-fledged discovery).

Second, with regards to the availability of the arbitral forum, Mr. Abraham merely alleges that it *may* be too late to compel arbitration because he decided to bring this lawsuit. But this speculative conclusion is a consequence of Plaintiff's making. By agreeing to work in India for an Indian company, Plaintiff agreed to arbitrate this dispute <u>in India</u>. Plaintiff cannot now dodge that contractual promise.

Moreover, Plaintiff's redress to compel Defendants to arbitrate was by petitioning the Indian courts. As set out in the affidavit of Kishore Kumar Lahiri—an advocate practicing in India—the Arbitration and Conciliation Act of 1996 sets out the procedural mechanism for compelling arbitration in cases where one party does not willingly arbitrate. (**Ex. 5**, at 3.)[8] Growtech could have requested the Chief Justice of a High Court or the Chief Justice of India, as appropriate, to appoint an arbitrator on behalf of Accenture India. (*Id.* at 3.) While Accenture India could have objected, the Chief Justice or his designee could have proceeded over such objection and the arbitration could have commenced. (*Id.*) The filing of such a request and the corresponding ruling takes only a few months within the ordinary course. (*Id.*) Growtech should have followed this procedure instead of prematurely filing suit in Texas.

---

[8] *See* The Arbitration and Conciliation Act, No. 26 of 1996, Section 11, India Code (1996), *available at* http://indiacode.nic.in/ (a certified copy of which is attached to this Reply as **Ex. 6**).

Moreover, the hearsay statement of Mr. Abraham's lawyer is both inadmissible and unsubstantiated. He offers no proof that arbitration in India is foreclosed. The time it *may* take to resolve a dispute in an Indian arbitration cannot establish prejudice. Nor can Growtech's own delay serve as a basis for prejudice. Growtech's work with Accenture India was completed in 2011, yet it failed to send its first letter notifying Defendants of a dispute until 2014. Growtech should not be allowed to use its own delay and failure to compel arbitration to avoid its contract. Growtech cannot show prejudice and should be ordered to arbitration.

### E. Growtech's Other Authorities are Inapposite

Growtech also cites to several Texas cases, which of course are not binding on this Court, for its claim that the agreement to arbitrate has been waived. *See, e.g., Perry Homes v. Cull*, 258 S.W.3d 580, 584-85 (Tex. 2008). Contrary to Plaintiff's contention, these cases support the *Defendants'* position that arbitration should be compelled. Texas courts have found no waiver in cases where the movant has engaged in significantly more litigation conduct than Defendants.[9] *See In re Citigroup Global Mkts.*, 258 S.W.3d at 625-26 (finding no waiver where movant removed to federal court, transferred the case to MDL, consented to remand to state court, but did not expressly waive arbitration in court motions); *In re Bank One, N.A.*, 216 S.W.3d 825 (Tex. 2007) (per curiam) (finding no waiver where the movant filed a motion to set aside a default judgment); *EZ Pawn Corp.*

---

[9] Growtech's other cases are similarly inapposite. *See First Interstate Bank of Ariz., N.A. v. Interfund Corp.*, 924 F.2d 588, 595 (5th Cir. 1991) (discussing waiver of a conversion claim); *Jernigan v. Langley*, 111 S.W.3d 153, 155 (Tex. 2003) (per curiam) (discussing waiver of a statutory right to dismissal); *Trammell Crow Co. No. 60 v. Harkinson*, 944 S.W.2d 631, 636 (Tex. 1997) (discussing a promissory estoppel claim). These cases do not address waiver of an arbitration provision.

*v. Mancias*, 934 S.W.2d 87, 90 (Tex. 1996) (per curiam) (finding no waiver where the movant filed an answer, participated in a telephonic docket control conference, sent interrogatories and requests for production, noticed a deposition, and entered into an agreed order re-setting the trial date). The only cited Texas Supreme Court case finding waiver involved a movant who substantially invoked the judicial process by conducting "extensive discovery about every aspect of the merits." *Perry Homes*, 258 S.W.3d at 595-96 (noting that, among other things, the movant had initially objected to arbitration *in court* with a 79-page filing). That is simply not the case here.

None of the Accenture entities has substantially invoked the judicial process; none has expressly waived arbitration; and Growtech cannot show prejudice at this early stage when litigation has commenced only recently. The bar for establishing waiver of arbitration is quite high and has not been reached here. *See Ralph Lauren Corp. v. U.S. Polo Ass'n, Inc.*, No. 13 Civ 7147, 2014 WL 4377852, at *3–6 (S.D.N.Y. Sept. 4, 2014) (refusing to find waiver of an Indian arbitration provision despite the fact that the movant requesting arbitration had previously asked an Indian court to enjoin an on-going arbitration in India).

### III. Conclusion

For the reasons set out above, Defendants respectfully request that the Court strike the affidavit of Cyriac Abraham; enforce the arbitration provision agreed to by Growtech in its contract with Accenture India and order the parties to arbitration in India; either

dismiss or stay the proceedings; and for such other and further relief to which they may be entitled.

>Respectfully submitted,
>
>**BECK | REDDEN LLP**
>
>By:    */s/ David J. Beck*
>        David J. Beck
>        State Bar No. 00000070
>        Federal I.D. No. 16605
>        1221 McKinney, Suite 4500
>        Houston, Texas 77010-2010
>        Telephone: (713) 951-3700
>        Facsimile: (713) 951-3720
>
>**ATTORNEY IN CHARGE FOR DEFENDANTS ACCENTURE LLP AND ACCENTURE SERVICES PVT. LTD.**

**OF COUNSEL:**

Alex B. Roberts
State Bar No. 24056216
Federal I.D. No. 865757
BECK REDDEN LLP
1221 McKinney, Suite 4500
Houston, Texas 77010-2010
Telephone: (713) 951-3700
Facsimile: (713) 951-3720

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically on March 23, 2015 in compliance with Local Rule 5. As such, this document was served on all counsel who are deemed to have consented to electronic service per Local Rule 5.1 and by facsimile or email.

Joe House
HOUSE & PERRON
Bank of America
700 Louisiana Street
Suite 3950
Houston, Texas 77002

**COUNSEL OF RECORD FOR PLAINTIFF**

 

/s/ *Alex B. Roberts*
Alex B. Roberts